# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PABLO F. MALDONADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-421 (MTT) |
| | ) |
| BENJAMIN FORD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Defendants' partial motion to dismiss and denying Plaintiff Pablo Maldonado's motion for a preliminary injunction and motion to amend. Doc. 45. Maldonado has not objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.

A plaintiff may amend his complaint once as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a plaintiff may amend only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The Magistrate Judge concluded Maldonado had already used his amendment as a matter of course when he filed his recast complaint as ordered by the Court. Doc. 45 at 8.

Although the Court is not aware of any controlling precedent on the issue, some courts have concluded that amendments filed before service do not count against the

plaintiff's opportunity to amend as a matter of course. *Stephens v. Atlanta Indep. Sch. Sys.*, 2013 WL 6148099, at *2 (N.D. Ga. Nov. 22, 2013); *Ward v. Glynn Cnty. Bd. of Commissioners*, 2016 WL 4269041, at *8 (S.D. Ga. Aug. 11, 2016); *Stelmaszek v. Klinker*, 2015 WL 12857084, at *2 (M.D. Fla. Apr. 6, 2015). The arguments those courts have made are persuasive: after undergoing an amendment in 2009, the text of Rule 15(a)(1)(B) provides that an amendment as a matter of course must be filed "*within* . . . 21 days *after* service" of the responsive pleading or motion to dismiss. That suggests that the window for amendment as a matter of course might not *open* until the responsive pleading or motion is served.[1] If so, pre-service motions to amend indigent *pro se* complaints are made under 15(a)(2) and do not use up the *pro se* plaintiff's opportunity to amend as a matter of course.[2]

When—as in this case—the pre-service amendment is filed in response to a Court order to recast the complaint, there are additional reasons not to construe that as the plaintiff's one amendment as a matter of course. The Court may order recast complaints for different reasons: illegible handwriting, incomprehensible claims, failure to set out claims in separately numbered paragraphs, or just to make the pleadings neater so the record is clear as to what claims are being asserted against whom. In this

---

[1] The old text of Rule 15 provided that "[a] party may amend the party's pleading once as a matter of course *at any time before* a responsive pleading is served . . . " Fed. R. Civ. P. 15 (2007). That language, which restricted the amendment as a matter of course window by specifying only when it *closed*, seemingly allowed for amendment at any time from the filing of the suit to the time the responsive pleading was served. In 2007, the restyled rule dropped "at any time." Fed. R. Civ. P. 15 (2008). The change was intended to be stylistic only. Fed. R. Civ. P. 15 advisory committee's notes to 2007 amendment. The rule was amended again in 2009 to eliminate a discrepancy between amendments as a matter of course after a motion (which were usually allowed) and amendments as a matter of course after a responsive pleading (which were not allowed). Fed. R. Civ. P. 15(a)(1) advisory committee's notes to 2009 amendment. As part of that change, the 2009 amendments changed "before being served with a responsive pleading" to "within . . . 21 days after service of a responsive pleading . . ."

[2] In the *pro se* screening context, this distinction makes little practical difference to resolving pre-service motions to amend, as Rule 15(a)(2) states that courts "should freely give leave when justice so requires." The distinction primarily affects the later availability of an amendment as a matter of course.

case, for example, Maldonado purported to lead a class of all death row inmates and was properly ordered "to recast his complaint to assert only claims personal to him." Doc. 17 at 2. Orders to recast help clarify the relevant factual and legal issues and lessen the burden of frivolous or poorly pleaded claims on courts and defendants.

Plaintiffs generally comply (or partially comply) with those orders, but many would be surprised if they later learned that they used up their one chance to amend as a matter of course. That is especially true when the orders to recast are more for reasons of style than substance: creating separately numbered paragraphs or pruning frivolous allegations, for example. If plaintiffs could not comply with orders to recast without forfeiting their chance to amend as a matter of course, many might refuse to comply or dismiss and refile.

The Court concludes that Maldonado's recast complaint was not filed "as a matter of course," but upon the order of the Court. And inasmuch as Rule 15 even applies to recast complaints by *pro se* litigants filed pursuant to Court orders during pre-service screening, Maldonado's complaint was filed by leave of court.

Accordingly, Maldonado's pending motion to amend is an amendment as a matter of course if it was filed "within . . . 21 days after service of" the Defendants' motion to dismiss. The Defendants' motion was filed October 5, 2020, and sent by registered mail the same day. Doc. 32. The motion to amend was filed January 4, 2021—much longer than 21 days afterward. Doc. 39. But there are potentially mitigating circumstances: in a November 19, 2020 letter, Maldonado complained of "serious issues with the prison censuring [sic] and/or blocking my U.S. mail" and claimed he had not received anything from the Court about his case since he filed

motions for a preliminary injunction and motion for extension of time on October 29, 2020. Docs. 35; 35-1. That the Court never received the two motions he referenced provide some support for his claims of mail problems.[3] Maldonado also stated that on October 20, 2020, he attempted to "complete a handwritten copy of my response brief to defendants motion to dismiss and my amended complaint," but took a break for yard call. Doc. 34-3 at 4. During the break, he claims, he was suddenly detained and taken to administrative segregation, and when he returned, his legal papers had been taken. *Id*. at 4-8. Finally, his motion to amend is dated December 20, 2020, and may have been mailed then. Doc. 39 at 12-13.

To be clear, those allegations alone would not necessarily defeat a timeliness objection to his motion to amend. But the Defendants did not raise a timeliness objection; instead, they assumed that Rule 15(a)(2) applied and argued that amendment would be futile. Similarly, the Recommendation did not address timeliness. As a result, Maldonado never had the opportunity to reply to those arguments or brief that issue. Remand is necessary to determine whether the motion was filed pursuant to Rule 15(a)(1) or 15(a)(2).

Even if the motion is ultimately one subject to Rule 15(a)(2), it is not clear that amendment would be futile as to the new claims.

For those reasons, the Recommendation on the motion to amend (Doc. 45) is **REMANDED** to the Magistrate Judge.

The Court agrees with the Magistrate Judge that the proposed amended complaint does not affect the issues addressed in the Defendants' motion to dismiss.

---

[3] Maldonado re-sent a second copy of those motions in November 2020, and the Court received it December 3, 2020. Docs. 34-7; 34.

Accordingly, that motion will not be mooted even if the motion to amend is granted, so the Court may rule on it here. *See Effect of an Amended Pleading*, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."). After reviewing for clear error, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge regarding the Defendants' motion to dismiss. Similarly, after reviewing for clear error, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge regarding Maldonado's motion for a preliminary injunction. Accordingly, the Recommendation (Doc. 45) is **ADOPTED in part** and **REMANDED in part**. It is **ADOPTED** and made the Order of the Court as to Defendants' partial motion to dismiss, and that motion (Doc. 32) is **GRANTED**. It is **ADOPTED** and made the Order of the Court as to Maldonado's motion for a preliminary injunction, and that motion (Doc. 34) is **DENIED**.[4] The Recommendation (Doc. 45) is **REMANDED** as to the motion to amend.

**SO ORDERED**, this 30th day of June, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] In the same document, Maldonado requested an extension of time to respond to the motion to dismiss. That request (Doc. 34) was granted by the Magistrate Judge. Doc. 36.