**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| PABLO F. MALDONADO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:19-cv-421-MTT-CHW |
| | : | |
| Warden BENJAMIN FORD, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER ON MOTION TO AMEND

On June 30, 2021, the Court entered an Order (Doc. 46) adopting a Recommendation (Doc. 45) to dismiss all claims in Plaintiff's original complaint (Docs. 1, 20) for failure to exhaust. The Order found "clear error," however, in the accompanying recommendation to deny Plaintiff's motion to amend (Doc. 35) as futile.[1]  On remand, Plaintiff's motion to amend is **GRANTED** pursuant to Federal Rule of Civil Procedure 15(a)(2), and Plaintiff's new claims against Lt. Kirk and Unit Manager Jester shall proceed for further factual development.

Rule 15(a) of the Federal Rules of Civil Procedure contemplates two categories of pre-trial amendments. Subsection (1) authorizes amendments made "as a matter of course," meaning without the need for a judicial ruling.[2] Subsection (2) authorizes amendments made with the opposing party's written consent, something Plaintiff Maldonado lacks, or through a judicial ruling ("by leave of court").

---

[1] Ordinarily, a magistrate judge may rule on a motion to amend without a recommendation under 28 U.S.C. § 636(b)(1)(A). Given the exercise of discretion involved and the potentially dispositive consequences of a ruling upon Plaintiff Maldonado's motion to amend, a recommendation was entered rather than an order, to afford the *pro se* litigant an extra opportunity to lodge an objection. Plaintiff did not object to the recommendation in this case.

[2] 6 Wright & Miller, Fed. Prac. & Proc. § 1480 ("The purpose of the amendment-as-of-right provision is to avoid judicial involvement.").

1

Although neither party made any reference to Rule 15 of the Federal Rules of Civil Procedure in their briefing on the motion to amend,[3] the initial Recommendation determined that Plaintiff's motion to amend was filed under Rule 15(a)(2), based upon the dates in the record. The record shows that Plaintiff received the Defendants' motion to dismiss—along with the Court's standard order to respond—by at least October 20, 2020. (Doc. 34-3, p. 4). Rule 15(a)(1) sets a 21-day window for filing amendments as a matter of course.[4] Although the Court received Plaintiff's motion to amend on January 4, 2021, under the prison mailbox rule it is considered to have been "filed" on the date it was signed, December 20, 2020, 61 days after the motion to dismiss was filed, 40 days after the time allotted for amendments as a matter of course under Rule 15(a)(1). (Doc. 39, p. 12). Based upon these dates and rules, the Recommendation considered Plaintiff's motion to amend under Rule 15(a)(2), which requires leave of court.

In its Order rejecting the Recommendation, the Court stated that remand was "necessary to determine whether the motion was filed pursuant to Rule 15(a)(1) or 15(a)(2)." (Doc. 46, p. 4). The Court first noted that there is some authority for the proposition that pre-service amendments and court-ordered amendments should not be construed as a plaintiff's one amendment as a matter of course under Rule 15(a)(1).  *Id.* at 2.  In addition, the Court observed that "there are potentially mitigating circumstances" that warrant an extension of the time period for amendments as a matter of course:

> In a November 19, 2020 letter, Maldonado complained of 'serious issues with the prison censuring [sic] and/or blocking my U.S. mail" and claimed he had not received anything from the Court about his case since he filed motions for a preliminary injunction and motion for extension of time on October 29, 2020.'

---

[3] Plaintiff's "Counter Brief to Defendants' Brief to Plaintiff Amended Complaint," (Doc. 44, pp. 6-8), did not address Defendants' argument that his amended complaint was futile and did not argue that his amendment was filed as a matter of course under Rule 15(a)(1).  Plaintiff simply invited "this court and the attorney general to tour death row unannounced, so they can see for themselves." (Doc. 44, p. 7).

[4] *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("although we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules") (internal quotations omitted).

Docs. 35, 35-1. That the Court never received the two motions he referenced provide some support for his claims of mail problems. Maldonado also stated that on October 20, 2020, he attempted to 'complete a handwritten copy of my response brief to defendants motion to dismiss and my amended complaint,' but took a break for yard call. Doc. 34-3 at 4. During the break, he claims, he was suddenly detained and taken to administrative segregation, and when he returned, his legal papers had been taken. *Id.* at 4-8. Finally, his motion to amend is dated December 20, 2020, and may have been mailed then.

(Doc. 46, pp. 3-4).

The Court further observed, "Even if the motion is ultimately one subject to Rule 15(a)(2), it is not clear that amendment would be futile as to new claims." (Doc. 46, p. 4).

Although Plaintiff's motion to amend was filed too late to be construed as his motion for leave to amend as a matter of course under Rule 15(a)(1), the mitigating circumstances outlined by the Court explain this delay and weigh in favor of granting Plaintiff permission to amend pursuant to Rule 15(a)(2), which requires that the Court "freely give leave when justice requires." Accordingly, Plaintiff's Motion to Amend (Doc. 39) is **GRANTED**.[5]

Because the Amended Complaint adds two new Defendants, "Lt. Kirk" and "Unit Manager Jester," it is **ORDERED** that service be made upon those Defendants and that they file an Answer, or such other response as may be appropriate under Fed.R.Civ.P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

---

[5] The claims in Plaintiff's Amended Complaint are subject to screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. But "[w]hether the Court engages in an initial screening of these new claims, or evaluates their validity in connection with a motion to amend, the standard to be applied is essentially the same." *Bell v. 10,000 Helpers of St. Croix*, CV 18-21, 2018 WL 11202176, at *1 (D.V.I. Aug. 31, 2018), *report and recommendation adopted sub nom. Bell v. 10,000 Helpers of St. Croix, LLC*, CV 18-21, 2020 WL 5642134 (D.V.I. Sept. 21, 2020). In its order to remand, the Court already found that it was not clear that amendment would be futile as to the new claims raised in Plaintiff's motion. (Doc. 46, p.4). As such, the Court implicitly found that these claims cannot be summarily dismissed on preliminary screening, and they will therefore be permitted to proceed for further factual development.

Defendants' Motion for Extension of Time (Doc. 47) is also **GRANTED**, and the current Defendants shall have 30 days from the date of this Order to file an Answer or other appropriate response.

**SO ORDERED**, this 27th day of July, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge