IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PABLO F. MALDONADO, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BENJAMIN FORD, *et al.*, )<br>)<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 5:19-cv-421 (MTT) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Defendants' partial motion to dismiss (Doc. 55) based largely upon Plaintiff Pablo Maldonado's failure to exhaust the prison grievance process. Doc. 61. Maldonado has not objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires a prisoner, as a "precondition to an adjudication on the merits," *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008), "to exhaust all administrative remedies before filing his § 1983 suit." *Whatley v. Smith*, 898 F.3d 1072, 1074 (11th Cir. 2018); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation

omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  In considering exhaustion, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376.  To determine whether the plaintiff properly exhausted his claims, courts in the Eleventh Circuit follow the two-step process mandated by *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008).  Under *Turner*'s first step, the court must look to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, the court takes the plaintiff's version of the facts as true.  *Id.* at 1082.  "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id.*  If the complaint is not subject to dismissal based on the plaintiff's version of the facts, the court must proceed to the second step, where it makes specific findings of fact in order to resolve the disputed factual issues related to exhaustion.  *Id.*  At the second step, it is the defendant's burden to prove that the plaintiff failed to exhaust the available administrative remedies.  *Id.*

An inmate is excused from the exhaustion requirement of the PLRA when the grievance procedure is unavailable.  The grievance procedure is unavailable in three circumstances: when "it operates as a dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," when the procedures for filing grievances are so opaque as to be practically incapable of use, or when prison officials thwart inmates' access to the grievance procedure by machination, misrepresentation, or misuse.  *Ross v. Blake*, 578 U.S. 632, 643-44 (2016).  "While the burden is on the defendant to show an available administrative remedy, once that burden has been met,

the burden of going forward shifts to the plaintiff, who, pursuant to *Turner*, must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him."  *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020).

In his amended complaint, Maldonado alleges his "grievances are either denied on technicalities, no evidence to support, never answered, [or] returned unanswered and never investigated on the evidence presented upon."  Doc. 39 at 6.  Maldonado further contends "the rules and regulations [of the grievance system] are unbeknownst to [him] , as the rules to follow are hidden."  *Id.*  Finally, Maldonado alleges that although he has "filed many grievances … he has not yet been granted relief on one, not mattering [sic] how sound and reasonable the grieve [sic] issue is at its face."  *Id.*  According to Maldonado, these alleged deficiencies in the grievance process cause "misconduct on behalf of official [to go] unchecked, which has allowed a pattern of officials doing as they please, with no consequences or accountability."  *Id.*  In short, Maldonado alleges each of the three circumstances that would render the grievance procedure unavailable.  *See Ross* 578 U.S. at 643-44.

But Maldonado's allegations are contradicted by record evidence.  For example, Maldonado's "Exhibit A" to his amended complaint contains numerous "original grievances" and "central office appeals" filed by Maldonado himself.  *See generally* Doc. 39-1.  This shows that Maldonado was indeed familiar with the grievance process because he routinely availed himself of it.  And while all the grievances contained in Maldonado's "Exhibit A" (Doc. 39-1) were denied, Maldonado was nonetheless granted the relief he requested on several occasions.  *Id.* at 35-36 (denying Maldonado's

grievance concerning a malfunctioning exhaust fan because a work order was already submitted to remedy the issue); *id.* at 37-38 (denying Maldonado's grievance concerning a broken shower head but noting a work order was submitted to resolve that issue). Finally, even though the grievance process did not produce the results Maldonado desired, there is simply no evidence prison officials intentionally thwarted Maldonado's efforts. In any event, Maldonado's subsequent "Motion for a Stay" acknowledged the availability of the grievance process and the exhaustion requirement as a precondition to raising a claim in federal court. Doc. 59 at 4, 6-7. Simply put, the Court is satisfied an adequate grievance procedure is available to Maldonado. Thus, Maldonado's failure to exhaust the prison grievance process before raising that claim in his § 1983 action warrants dismissal. *Whatley*, 898 F.3d at 1074.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 61) is **ADOPTED** and made the Order of the Court. Accordingly, Defendants' partial motion to dismiss (Doc. 55) is **GRANTED**. The remaining three claims are: (1) Maldonado's Eighth Amendment lockdown claims against Defendants Ward and Ford (Doc. 20. at 17); (2) Maldonado's First Amendment claim of e-mail interference against Defendants Spikes and Coffee (Doc. 20 at 10); and (3) Maldonado's Free Exercise claim against Defendants Colon and Scott relating to church services and pastoral visits. (Doc. 39 at 8).

**SO ORDERED**, this 13th day of December, 2021.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT